IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MISTY D.,[1]

           Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

           Defendant.

Case No. 3:23-cv-01032-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Misty D. ("Plaintiff") brings this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. The Court has jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

PAGE 1 – OPINION AND ORDER

reasons explained below, the Court reverses the Commissioner's decision because it is based on harmful legal error and not supported by substantial evidence.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.   PLAINTIFF'S APPLICATIONS

Plaintiff was born in December 1977, making her thirty-eight years old on March 30, 2016, her alleged disability onset date. (Tr. 27, 55.) Plaintiff alleges disability due to depression, anxiety, agoraphobia, obesity, back problems, post-traumatic stress disorder ("PTSD"), a sleep disorder, polycystic ovarian syndrome, and fibromyalgia. (Tr. 324.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration, and on May 25, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 176-89.) Plaintiff, her attorney, and a vocational expert ("VE") appeared via telephone and testified at an administrative hearing on June 9, 2022. (Tr. 38-54.) On June 21, 2022, the ALJ issued a written decision denying Plaintiff's applications. (Tr. 14-29.) On June 15, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.     THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet their burden at any of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that

PAGE 3 – OPINION AND ORDER

exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100 (citing 20 C.F.R. § 404.1560(c)). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

### III.  THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 14-29.) At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity from January 2019 to December 2020, but that there was a continuous twelve-month period in which she did not engage in substantial gainful activity, which his remaining findings addressed. (*Id.* at 17.) At step two, the ALJ found that Plaintiff suffered from the following severe, medically determinable impairments: lumbar degenerative disc disease, generalized anxiety disorder, major depressive disorder, PTSD, agoraphobia, and panic disorder. (*Id.* at 18.)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.* at 19.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "a range of medium work[,]" "understand, remember, and carry out simple instructions[,]" and "make commensurate work-related decisions[.]" (*Id.* at 21.) The ALJ also found that Plaintiff could "respond appropriately to supervision, coworkers, and work situations" and "deal with routine changes in [a] work setting[.]" (*Id.*) Plaintiff could "maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday[,]" and was suitable for jobs requiring only occasional changes in the work setting and jobs that do not require any interaction with the general public. (*Id.* at 21-22.) Finally, the ALJ concluded that

PAGE 4 – OPINION AND ORDER

Plaintiff could be around coworkers throughout the day but should have only occasional interaction with them. (*Id*. at 22.)

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (*Id*. at 27.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that she could perform, including work as a laundry laborer, hospital cleaner, and industrial cleaner. (*Id*. at 28-29.)

## DISCUSSION

Plaintiff argues that the ALJ erred when formulating the RFC by failing to account for limitations established by the state agency psychological consultants whom the ALJ credited and found persuasive. (Pl.'s Opening Br. ("Pl.'s Br.") at 3-19, ECF No. 10.)

### I.    PLAINTIFF'S RFC

Plaintiff argues that the ALJ erred by failing to include in the RFC that she is limited to only "incidental" and "brief and structured" interactions with her coworkers, simple and repetitive tasks, and short and simple instructions. (*Id.*)

#### A.    Legal Standards

The RFC must contemplate all medically determinable impairments, including those which the ALJ found non-severe, and evaluate the relevant testimony, including the opinions of medical providers and the claimant's subjective symptom testimony. *See* 20 C.F.R. §§ 404.1545; SSR 96-8p, 1996 WL 374184 (July 2, 1996). In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming the ALJ's translation of moderate functional limitations into the claimant's RFC). Only those limitations supported by substantial evidence must be incorporated into the RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

PAGE 5 – OPINION AND ORDER

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). In making this determination, the ALJ relies on the Dictionary of Occupational Titles, which is the Social Security Administration's "primary source of reliable job information" regarding jobs that exist in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990).

The ALJ relies on the testimony of a VE to identify specific occupations a claimant can perform in light of her RFC. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, must set out all the limitations and restrictions of the particular claimant."). However, "[i]f an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Bray*, 554 F.3d at 1228 (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). If that situation arises, "the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)). Even if the ALJ fails to include all of a claimant's limitations, such error is harmless if it is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

**B.     Analysis**

The Court agrees that the ALJ erred when formulating the RFC by failing to account for limitations established by the state agency psychological consultants whom the ALJ credited and found persuasive.

///

PAGE 6 – OPINION AND ORDER

### 1. Dr. Barsukov and Dr. Drake's Opinions

Dr. Barsukov, Psy.D., provided an opinion in which he stated, *inter alia*, that Plaintiff was "able to maintain [concentration, persistence, and pace] given simple repetitive tasks," and that Plaintiff should "not closely engage incidental[ly] [with the] public on [a] frequent basis [a]nd [any] incidental interaction w[ith] coworkers should be brief [and] structured." (Tr. 98-99.)

Dr. Drake, Ph.D., provided an opinion in which he stated that Plaintiff "is able to understand, remember [and] carry out short instructions" and "is not able to understand, remember [and] carry out more detailed instructions so tasks should be broken down into simple task sequences." (Tr. 124.) Dr. Drake also opined that Plaintiff was "able to maintain [concentration, persistence, and pace] given simple repetitive tasks," and Plaintiff should "not closely engage incidental[ly] [with the] public on [a] frequent basis [a]nd [any] incidental interaction w[ith] coworkers should be brief [and] structured." (Tr. 125-26.)

The ALJ found both opinions persuasive and stated that he "identified similar restrictions in the [RFC]." (Tr. 25.)

### 2. Social Limitations

Plaintiff argues that the ALJ failed appropriately to include the uncontroverted opinions of Drs. Barsukov and Drake by translating their restriction to "incidental" and "brief and structured" interactions with coworkers to "occasional interaction[s] with" coworkers. (Pl.'s Br. at 5-10.) The Court agrees.

The term "occasionally" in an RFC means up to one-third of a workday. *See* SSR 83-10, 1983 WL 31251, Glossary ("'Occasionally' means occurring from very little up to one-third of the time."). The social limitation described by Drs. Barsukov and Drake did not prescribe only a time limitation, but rather limited the *type* of interaction with coworkers that Plaintiff could handle: "brief and structured[.]" (Tr. 98-99, 125-26.) A limitation to only "brief and structured"

PAGE 7 – OPINION AND ORDER

interactions with coworkers is often included in a claimant's RFC. *See, e.g.*, *Kelly v. Colvin*, No. 6:13-cv-02317-BR, 2015 WL 1275411, at *3 (D. Or. Mar. 19, 2015) (evaluating an RFC of "brief, structured encounters with coworkers and public"); *Anderson v. Colvin*, No. 3:12-cv-00727-BR, 2013 WL 5550894, at *4 (D. Or. Oct. 7, 2013) (evaluating an RFC of "less than occasional interaction with the public and only brief and structured interaction with coworkers"); *Ready v. Astrue*, No. 3:11-cv-00032-KI, 2012 WL 171291, at *2 (D. Or. Jan. 20, 2012) (evaluating an RFC of "only brief and structured interaction with co-workers").

The ALJ failed to capture the qualitative limitation of only "brief and structured" coworker interactions articulated by Drs. Barsukov and Drake, and the ALJ provided no explanation for why he excluded those limitations. (*See* Tr. 21-22.) As a result, the Court finds that the ALJ committed harmful error at steps four and five.

### 3. Concentration, Persistence, and Pace

Plaintiff also argues that the ALJ failed to address in the RFC the complexity of work she was capable of performing. (Pl.'s Br. at 10-13.)

Both Drs. Barsukov and Drake opined that Plaintiff was only able to maintain concentration, persistence, and pace if given "simple repetitive tasks[,]" which the ALJ did not include in the RFC despite finding those opinions persuasive. (Tr. 98-99, 125-26.) The Commissioner responds that because the ALJ found that Plaintiff was fit for unskilled work and all of the occupations the ALJ identified at step five were unskilled, the ALJ properly accounted for the limitations and any error was harmless. (Def.'s Br. at 10-11, citing *Stubbs-Danielson*, 539 F.3d at 1173-76.)

"Although unskilled work includes simple tasks, it covers a broader range of work." *Brandie K.A. v. Saul*, No. EDCV 19-01017-RAO, 2020 WL 2572461, at *3 (C.D. Cal. May 21, 2020) (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)). Here, Plaintiff correctly

PAGE 8 – OPINION AND ORDER

points out that although Drs. Barsukov and Drake limited Plaintiff to simple and repetitive tasks, all of the step-five jobs the ALJ identified appear to require tasks that are more complex than repetitive tasks. (*See* Pl.'s Br. at 11-13, describing the tasks of a laundry laborer, hospital cleaner and industrial cleaner.) Accordingly, the Court concludes that the ALJ committed harmful error at steps four and five by omitting an RFC limitation to repetitive tasks in the RFC without explanation. See *Joshua R. v. Comm'r, Soc. Sec. Admin.*, No. 6:23-cv-01469-MK, 2024 WL 3887246, at *4 (D. Or. Aug. 20, 2024) ("The Court agrees that omitting the limitation to 'repetitive tasks' without explanation amounts to legal error. . . . Consequently, because the VE was not presented with a hypothetical contemplating all of Plaintiff's limitations, and it is unclear whether the proffered jobs could be considered repetitive, the ALJ has erred in such a way that it is not inconsequential to the ultimate non-disability determination." (citing *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020))).

### 4. Short and Simple Instructions

Drs. Barsukov and Drake also limited Plaintiff to short and simple instructions, but the ALJ included in the RFC only a limitation to "simple instructions[.]" (Tr. 21.) The ALJ provided no explanation for omitting the limitation to "short" instructions. In omitting "short," the ALJ "invit[ed] the vocational expert to identify jobs that have longer-than-short, simple instructions[,]" which Dr. Drake stated Plaintiff could not perform. *Leach v. Kijakazi*, 70 F.4th 1251, 1256-57 (9th Cir. 2023). Consistent with *Leach*—which is more recent Ninth Circuit guidance than the cases on which the Commissioner relies—the Court finds that the ALJ committed harmful error at steps four and five by omitting an RFC limitation to "short" instructions without explanation. See *id.* ("[B]ecause the ALJ omitted the qualifying adjective 'short' when posing the question to the vocational expert, thereby describing a hypothetical

PAGE 9 – OPINION AND ORDER

person with greater functional capacity than Claimant possesses, the ALJ erred by relying on the vocational expert's testimony, and the error was not harmless.").

## II. REMEDY

Plaintiff asks the Court to remand for an immediate award of benefits but provides no analysis of whether the credit-as-true standard is satisfied here.[2] (Pl.'s Br. at 19.)

### A. Applicable Law

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). In several cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is met if three conditions are satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* (citations omitted).

### B. Analysis

The Court remands Plaintiff's case for further administrative proceedings because the record has not been fully developed and further proceedings will be useful. *See Fahtima R. v.*

---

[2] Plaintiff did not file a reply brief.

*Comm'r of Soc. Sec.*, No. 18-5970-MJP, 2019 WL 2022461, at *4 (W.D. Wash. May 8, 2019) (holding that the district court may exercise its discretion to "remand for further proceedings if enhancement of the record would be useful" (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000))). Specifically, further proceedings will serve a useful purpose here because the ALJ must formulate a new RFC and obtain new VE testimony based on the social and task-related limitations outlined by Drs. Barsukov and Drake, whose opinions the ALJ found persuasive.

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 12th day of September, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge